IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE ESTATE OF MICHAEL CUMMISKY, by MIDFIRST TRUST COMPANY, Special Administrator, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. CIV-11-42-C |
| | ) |
| ESTES EXPRESS LINES and EDDIE NEAL WYATT, | )<br>)<br>) |
| Defendants, | )<br>) |
| and | )<br>) |
| ESTES EXPRESS LINES and EDDIE NEAL WYATT, | )<br>)<br>) |
| Third-Party Plaintiffs, | )<br>) |
| v. | )<br>) |
| STOREY WRECKER SERVICE, INC., an Oklahoma Corporation, | )<br>)<br>) |
| Third-Party Defendant, | )<br>) |
| and | )<br>) |
| CLEVELAND LEASE SERVICE, INC., and NAVIGATORS INSURANCE COMPANY, | )<br>)<br>)<br>) |
| Intervenors/Plaintiffs, | )<br>) |
| v. | )<br>) |
| ESTES EXPRESS LINES and STOREY WRECKER SERVICE, INC. | )<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM ORDER AND OPINION**

On November 7, 2011, Plaintiff filed a motion seeking to 1) compel discovery responses from Defendants Estes Express Lines and Eddie Neal Wyatt; 2) deem any objections to the interrogatories and document production requests waived; and 3) find that Estes Express Lines had admitted requests for admission. In response, Defendant Estes Express Lines and Eddie Neal Wyatt filed a motion to strike, asserting that Plaintiff's motion failed to comply with LCvR37.1, in that no conference was held prior to filing the motion. In addition, Defendants noted that they had produced the documents requested by Plaintiff and that the only error in the response to interrogatories and requests for admission was the failure to affix a signature by Defendants' counsel.

In response to Defendants' motion to strike, Plaintiff admitted that the motion to compel was moot in regard to the request for document production. However, Plaintiff persisted in its request to have the requests for admission deemed admitted (for failure of counsel to sign) and to deem any objections to its interrogatories waived (because they were answered out of time). Plaintiff's counsel also implicitly conceded that LCvR37.1 was not complied with prior to filing the motion to compel.

LCvR37.1, while requiring a face-to-face conference or telephone conference, depending upon geographic distance, does not require such a conference when the motion to compel is filed premised on a failure to respond. Although at least the portion of Plaintiff's motion to compel seeking additional document production was premised on a failure to respond, Plaintiff has conceded that portion of its request is moot and therefore the motion will be denied. As for the

failure to affix a signature to the requests for admissions, the Court is not inclined to extend the extreme sanction of deeming requests admitted based solely on an oversight or negligence of counsel. Rather, Defendants' counsel is directed to provide a properly signed document to Plaintiff within five days of the date of this Order.

Finally, as for Plaintiff's request to deem the objections to interrogatories waived for failure to timely submit, the Court declines to enter that sanction against Defendants. It appears that the requests have been answered and the parties are prepared to move forward in this matter.

For the reasons set forth herein, Plaintiff's Motion to: 1) Compel Discovery Responses from Defendants Estes Express Lines and Eddie Neal Wyatt; 2) Deem any Objections to Interrogatories and Document Production Requests Waived; 3) Find that Estes Express Lines Has Admitted Requests for Admission (Dkt. No. 53) is DENIED. Likewise, Defendants' Motion to Strike Plaintiff's Motion to Compel Discovery Responses (Dkt. No. 56) is DENIED.

IT IS SO ORDERED this 5th day of June, 2012.

_____
ROBIN J. CAUTHRON
United States District Judge