# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

**The Estate of Michael Cummisky**, by
Midfirst Trust Company,
Special Administrator

     Plaintiff,

     v.

**Estes Express Lines** and
**Eddie Neal Wyatt,**

     Defendants,

and

**Estes Express Lines** and
**Eddie Neal Wyatt,**

     Third-Party Plaintiffs,

     v.

**Storey Wrecker Service, Inc.,**

     Third-Party Defendant,

and

**Cleveland Lease Service, Inc.** and
**Navigators Insurance Company,**

     Intervenors/Plaintiffs,

     v.

**Estes Express Lines** and
**Storey Wrecker Service, Inc.,**

     Defendants.

Case No.: 5:11-cv-00042-C

**PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
REGARDING LIABILITY OF
DEFENDANTS ESTES EXPRESS AND
EDDIE WYATT**

This case arises from a horrific collision in which Defendant Estes Express Lines, Inc. ("Estes Express") employee, Defendant Eddie Neal Wyatt, drove off the side of the road and struck and killed Michael Cummisky.   Michael was 24 years old and had recently completed his service in the U.S. Marines.   He is survived by his wife, 2-year old daughter and 6-month old son.   Plaintiff, The Estate of Michael Cummisky, respectfully moves this Court for summary disposition of three issues:

1. Defendant Wyatt's failure to stay in his marked lane—driving off the roadway and onto the shoulder when it was unsafe to do so—violates Oklahoma's Highway Safety Statute and, therefore, constitutes negligence *per se*.

2. Defendant Wyatt's statutory violation was the proximate cause of this collision and Michael Cummisky's death.

3. Defendant Estes Express is vicariously liable for Wyatt's negligence *per se* because it admits that, at the time of this fatal collision, Defendant Wyatt was its employee and acting within the course and scope of his employment.

## CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS

1. On September 29, 2010, Defendant Eddie Wyatt drove an Estes Express triple tractor trailer on Interstate 35, near mile marker 190, just north of Perry, Oklahoma.[1]

2. Defendant Wyatt holds a Commercial Driver's License.[2]

3. Defendant Estes Express admits that, at all relevant times, Wyatt was an employee of Estes Express and working within the course and scope of his employment.[3]

---

[1] Official Oklahoma Traffic Collision Report at 1 (Summary).  **EXHIBIT 1**

[2] Wyatt Dep. at 94:18-22.  **EXHIBIT 2**

[3] Defendants Estes Express Lines and Eddie Neal Wyatt's Answer to Plaintiff's Complaint, Counter-Claim Against Plaintiff and Third Party Action Against Storey Wrecker Service Company (Dkt. 18 at 4, ¶ 21); *see also* Defendant Estes Express Lines Answer to Request for Admission No. 2.  **EXHIBIT 3**

4.   Wyatt drove the Estes Express triple tractor across the white fog line, entirely off the right side of the road, failing to maintain his lane and driving on to the shoulder of the road.[4]

5.   When the Estes Express triple tractor went off the road, it struck the vehicle (a tow truck and attached oil workover rig) that was "legally parked" on the shoulder of the road.[5]

6.   Oklahoma Highway Patrolman Allen Young, the trooper who conducted the initial investigation, stated: "[T]he only thing that we know for certain is that . . . the oil rig was parked on the shoulder, and . . . the Estes semi came onto the shoulder and impacted it" and "It appears the ESTES semi simply traveled off the roadway and onto the shoulder for an unknown reason."[6]

7.   Michael Cummisky is the tow truck driver who was standing on the shoulder of the road next to his vehicle.[7]

8.   James Crawford, an accident reconstructionist who investigated the facts of this collision, visited the crash scene, took measurements of the roadway evidence, inspected the vehicles involved in the collision and prepared a working scale diagram of the crash scene to analyze the sequence of evidence.[8]

---

[4] Official Oklahoma Traffic Collision Report at 1.  **EXHIBIT 1**

[5] Official Oklahoma Traffic Collision Report at 1 (Summary).  Mr. Cummisky had moved his vehicle off the roadway and legally parked on the shoulder due to a tire blow-out.  **EXHIBIT 1**

[6] Transcribed Statement of Oklahoma Highway Patrolman Allen Young  at 10 (October 8, 2010, Ponca City Police Department) *see also* Affidavit of Allan Young at 7; *see also* Transcribed Statement at 10-11 (explaining  how the Oklahoma Highway Patrol determined that Michael Cummisky's two truck and rig were entirely off the road). **EXHIBIT 4**

[7] Estes Express 30(b)(6) Dep. II. Tr. 207:11-14.  **EXHIBIT 5**

[8] *See* Affidavit of James B. Crawford at ¶¶ 2, 4, and 6. **EXHIBIT 6**

**9.** Based on this data and analysis, it is Mr. Crawford's sworn opinion, within a reasonable degree of certainty in the field of accident reconstruction, that Wyatt "drove off the side of the road and encroached onto the paved shoulder where he struck the rear of the oil workover rig and pedestrian Michael Cummisky."[9]

**10.** It is Mr. Crawford's sworn opinion, within a reasonable degree of certainty in the field of accident reconstruction, that Michael Cummisky was lawfully on the shoulder of the road and not at all in the roadway when he was struck by the Estes Express triple tractor trailer.[10]

**11.** Michael Cummisky died from the injuries he sustained from the impact of the Estes Express triple trailer crashing into him and his vehicle.[11]

## STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.[12] A principal purpose of Rule 56 is to identify and then terminate claims that are factually unsupported.[13] "Only disputes over facts that might affect the outcome of the suit under the governing law will

---

[9] *Id.* at ¶ 7.

[10] *Id.* at ¶ 8

[11] *See, e.g.,* Oklahoma University Medical Center OPERATIVE NOTE (Surgeon David C. Teague, M.D.); *see also* Affidavit of Custodian of Medical Records, Oklahoma University Medical Center, April 19, 2011; *see also* Certificate of Death (cause of death is "Pedestrian Hit By Semi Trick"). **EXHIBIT 7**

[12] FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Akin v. Ashland Chemical Co.*, 156 F.3d 1030 (10th Cir. 1998).

[13] *Celotex*, 106 S. Ct. at 2552.

properly preclude the entry of summary judgment."[14]   In this regard, the Tenth Circuit

Court of Appeals instructs:

> Although the movant must show the absence of a genuine issue of material fact, he
> or she need not negate the nonmovant's claim. Once the movant carries this burden,
> the nonmovant cannot rest upon his or her pleadings, but must bring forward
> specific facts showing a genuine issue for trial as to those dispositive matters for
> which [he or she] carries the burden of proof. The mere existence of a scintilla of
> evidence in support of the nonmovant's position is insufficient to create a dispute of
> fact that is genuine; an issue of material fact is genuine only if the nonmovant
> presents facts such that a reasonable jury could find in favor of the nonmovant.[15]

As set forth below, application of this standard compels the Court to grant Plaintiff's

Motion for Partial Summary Judgment.

## A. THERE IS NO GENUINE ISSUE OF FACT THAT DEFENDANT WYATT'S FAILURE TO MAINTAIN HIS LANE CONSTITUTES NEGLIGENCE *PER SE*.

The undisputed material facts—Undisputed Fact Nos. 3, 4, 5, 7, 8 and 9 above—

show that Defendant Eddie Wyatt failed to maintain a single lane, driving over the white

line and onto the shoulder of the road.   Based on, among other things, the sworn

statements of Trooper Allen Young and Accident Reconstructionist James Crawford,

there can be no dispute that Wyatt drove the Estes Express triple trailer across that line.

Section 309 of the Oklahoma Highway Safety Statute mandates that: "A **vehicle shall be**

**driven as nearly as practicable entirely within a single lane**."[16]   This is exactly what

Wyatt was charged with by the investigating officers—"Lane restriction violation, fail to

---

[14] *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

[15] *Craig v. Eberly*, 164 F. 3d 490, 493 (10th Cir. 1998) (internal citations and quotation marks omitted); *accord Geoffrey E. MacPherson, Ltd. v. Brinecell, Inc*., 98 F.3d 1241, 1245 (10th Cir. 1996).

[16] 47 Okl. St. Ann. § 11-309 (1).

maintain lane, driving on shoulder when not safe to do so."[17]  And, as set forth above, this is exactly what the undisputed evidence demonstrates after full opportunity for investigation.

Wyatt's violation of this statute constitutes negligence *per se*.  The violation of an ordinance or statute is deemed negligence in and of itself if the injury (1) was caused by violation of the statute or ordinance, (2) was of the type of injury the ordinance or statute intended to prevent, and (3) the party injured was within the class of persons meant to be protected by the statute or ordinance.[18]  Oklahoma courts unanimously agree that violation of state law in the operation of a motor vehicle constitutes negligence *per se*.[19] There can be no real doubt that Wyatt violated the statute; that section 309 of Oklahoma's Highway Safety Statute was designed to prevent drivers from crashing into vehicles and pedestrians on the other side of the white line; and that Cummisky, a pedestrian off the roadway and in the shoulder[20] was within one of the class of persons meant to be protected by the statute. In fact, the Oklahoma Highway Safety Statute specifically makes clear that the "shoulder" is designed for those in stopped vehicles; section 1-158 defines "shoulder" as "the portion of the roadway continuous with the

---

[17] Oklahoma Highway Patrol, Driver/Vehicle Examination Report.  **EXHIBIT 8**

[18] *Hamilton v.* Allen, 852 P.2d 697, 699 (Okl. 1993) (upheld trial court's grant of summary judgment that defendant's failure to stop at railroad crossing constitutes negligence *per* se and is the proximate cause of the collision as a matter of law); *accord, e.g., Hampton v. Hammons*, 743 P.2d 1053, 1056 (Okla.1987); Bo*yles v. Okla. Nat. Gas Co*., 619 P.2d 613 (Okl.1980); *Shoopman v. Traveler's Ins. Co*., 518 P.2d 1108 (Okl.1974); *Gasko v. Gray*, 507 P.2d 1231 (Okl.1973).

[19] *Murry v. Advanced Asphalt Co*., 751 P.2d 209, 212 (Okl. App. Ct. 1987 (citing *Garner v. Myers*, 318 P.2d 410 (Okl.1957).

[20] There can be no dispute that Michael Cummisky at least was on the shoulder, and he may even have been on the grass even farther off the roadway.  *See, e.g.,* **Exhibit 5**.

traveled way **for accommodation of stopped vehicles**."[21]   Accordingly, Defendant

Wyatt's actions constitute negligence *per se*.

## B. DEFENDANT WYATT'S STATUTORY VIOLATION WAS A PROXIMATE CAUSE OF THE COLLISION AND MICHAEL CUMMISKY'S DEATH.

The undisputed evidence—*see* Undisputed Fact Nos. 6, 8, 9 and 10 above—

demonstrates that Defendant Wyatt's statutory violation was the proximate cause of the

collision and Michael Cummisky's death. Proximate or direct cause is defined in

Oklahoma law as:

> a cause which, in a natural and continuous sequence, produces injury and
> without which the injury would not have happened. For negligence to be a
> direct cause it is necessary that some injury to a person in plaintiff's
> situation must have been a reasonable foreseeable result of negligence.[22]

It is perhaps past dispute at this point that Wyatt's statutory violation—driving off the

roadway and onto the shoulder—was a cause of this collision and Michael Cummisky's

death.  And it certainly was a reasonably foreseeable result, especially to a driver like

Defendant Wyatt who holds a Commercial Driver's License,[23] but to *any* driver who

drives off the side of the road.  Here, Defendant Wyatt's failure to maintain his lane was

a violation of the rules of the road and the statute was designed to protect Michael

Cummisky and the public at large.   Accordingly, Plaintiff respectfully asks this Court to

enter summary judgment on negligence *per se* and proximate cause against Defendant

Wyatt.

---

[21] 47 Okl. St. Ann. § 1-158.

[22] Oklahoma Uniform Jury Instruction 2d No. 9.6.

[23] *See* Undisputed Fact No. 2.

## C. DEFENDANT ESTES EXPRESS IS VICARIOUSLY LIABLE FOR DEFENDANT WYATT'S NEGLIGENCE *PER SE*.

In Oklahoma, an employer is vicariously liable for the negligence of its employee where the tortious act was committed in the course of the employment.[24]   Vicarious liability is founded on the principle of respondeat superior or "let the master answer"; that is, if the employer is to profit from the acts or the employee, it should likewise be held responsible for the employee's actions and omissions.  While engaged in the business of the employer, the employee is the employer and their identities merge as it may relate to third parties.  The Court may "rule on a respondeat superior issue as a matter of law" "when [only] one reasonable conclusion can be drawn from the facts."[25]  In this case, as set forth in Undisputed Fact No. 3, Defendant Estes Express repeatedly has admitted that Defendant Wyatt (1) was its employee at the time of the collision and (2) at all relevant times with respect to this litigation was operating in the course and scope of his employment.  Accordingly, Plaintiff respectfully asks this Court to enter summary judgment on Defendant Estes Express's vicarious liability for the negligence *per se* of its employee, Defendant Wyatt.

### CONCLUSION

The undisputed evidence demonstrates that Defendant Wyatt failed to maintain his lane, driving an Estes Express triple tractor trailer off the road and crashing into Michael Cummisky on the road's shoulder.  There can be no dispute that Defendant Wyatt's failure to maintain his lane violated an Oklahoma Highway Safety Statute and was a proximate cause of this fatal collision.  What is more, there is no dispute that Defendant Estes Express has admitted vicarious liability for Defendant Wyatt's negligence.

---

[24] *Accord, e.g., Hill v. McQueen*, 230 P.2d 483, 484 (Okl. 1951).

[25] *Baker v. Saint Francis Hosp.*, 126 P.3d 602, 606–07 (Okl. 2005).

Michael Cummisky's surviving family—his wife and two young children—have been through too much, including a long and unnecessarily difficult discovery process, as this Court perhaps is all too familiar.   There being no substantial controversy as to the material facts set forth above, the Court can and should as a matter of law decide the issues of liability, thus making an extended trial unnecessary.   Such summary disposition of these liability issues, if granted, would leave only the proof of damages to be decided by the jury.   For all of these reasons, Plaintiff respectfully requests this Court enter judgment as a matter of law as set forth above.

Respectfully submitted,

*/s/ Rena M. Leizerman*
Rena M. Leizerman (*Pro Hac Vice*)
Michael Leizerman (*Pro Hac Vice*)
E.J. Leizerman & Associates, LLC
717 Madison Avenue
Toledo, OH 43604
Phone: (419) 243-1010
Facsimile: (419) 243-8200
rena@leizerman.com

*/s/ Joseph F. Bufogle*
Joseph F. Bufogle, Sr. (10554)
Bufogle & Associates, P.C.
2405 East Skelly Drive
Tulsa, OK 71405
Phone: (918) 587-3407
Facsimile: (918) 587-3437
jfbufogle@msn.com

*/s/ Rex Travis*
Rex Travis (9081)
Travis Law Office
P.O. Box 1336
Oklahoma City, OK 73101
Phone:  (405) 236-5400
Facsimile:  (405) 236-5499
rextravis@travislawoffice.com

**Attorneys for Plaintiffs**

## CERTIFICATION OF SERVICE

I hereby certify that on this 25th day of November, 2013, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and for transmission to all ECF registrants through the ECF system.

_/s/ Rena M. Leizerman_
Rena M. Leizerman
Attorney for Plaintiff