IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE ESTATE OF MICHAEL CUMMISKY by MIDFIRST TRUST COMPANY, Special Administrator, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case Number CIV-11-42-C ) |
| ESTES EXPRESS LINES and EDDIE NEAL WYATT, | ) ) ) |
| Defendants, | ) ) |
| AND | ) ) |
| ESTES EXPRESS LINES and EDDIE NEAL WYATT, | ) ) ) |
| Third-Party Plaintiffs, | ) ) |
| vs. | ) ) |
| STOREY WRECKER SERVICE, INC., An Oklahoma Corporation | ) ) ) |
| Third Party Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Michael Cummisky was employed by Storey Wrecker Service, Inc. On September 29, 2010, he was in the process of towing a mobile work-over rig. The work-over rig had a flat tire and Mr. Cummisky pulled his wrecker and work-over rig to the shoulder. While Mr. Cummisky was parked there and was out of his vehicle, he was struck and killed. The vehicle that killed Mr. Cummisky was driven by Defendant Wyatt, and owned by Defendant Estes Express Lines. Mr. Cummisky's estate then brought this action seeking to recover

against Wyatt and Estes for damages incurred by Mr. Cummisky's death. Plaintiff now seeks summary judgment regarding liability of Defendants Estes Express Lines and Wyatt.*

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In support of its motion, Plaintiff argues that it is undisputed that Mr. Cummisky had parked his wrecker and the vehicle it was towing on the shoulder and that Mr. Wyatt crossed over the white line onto the shoulder and struck him. According to Plaintiff, Mr. Wyatt's failure to stay in a single lane of traffic and his leaving the roadway were the proximate cause of the collision and ultimately Mr. Cummisky's death. Therefore, Plaintiff argues, it should prevail on its claims of negligence per se.

---

* By subsequent motion, Plaintiff seeks to withdraw this summary judgment motion. For reasons stated later in this opinion, this request is denied.

However, as Defendants note, the question of whether or not Mr. Wyatt left the roadway and crossed over the white line is far from undisputed. Mr. Wyatt's testimony at his deposition was clear and unequivocal that he had not left the roadway. While there is evidence in support of Plaintiff's claim, there is also evidence countering it. Defendants also dispute Plaintiff's assertion that Mr. Cummisky pulled his vehicle and the vehicle he was towing completely off the roadway. Thus, another of Plaintiff's material facts is in dispute. The evidence must be considered in the light most favorable to Defendants as they are the nonmoving parties. Viewed in that light, material facts are in dispute, summary judgment is inappropriate and Plaintiff's motion will be denied.

Plaintiff has also filed a motion to withdraw this summary judgment motion and requests leave to file a second summary judgment motion. Plaintiff argues its need to act in this manner arose due to the dismissal of third-party defendants and third-party claims and additional discovery. After considering the basis for Plaintiff's request to withdraw and the arguments raised by Defendants in opposition, the Court finds that withdrawal is not appropriate. Rather, as noted above, the Court has ruled on the motion for summary judgment. However, to the extent Plaintiff can bring some valid argument or motion for summary judgment and thereby narrow the issues remaining for trial, it may request leave to do so if and when appropriate. If Plaintiff files a second motion for summary judgment having no more merit than the present, sanctions will be imposed.

For the reasons set forth herein, Plaintiff's Motion for Partial Summary Judgment Regarding Liability of Defendants Estes Express and Eddie Wyatt (Dkt. No. 119) is

DENIED. Plaintiff's Motion for Leave to Withdraw Partial Summary Judgment Regarding Liability of Defendants Estes Express and Eddie Wyatt Without Prejudice and (II) to Refile the Motion (Dkt. No. 129) is DENIED. Finally, in light of the stipulation of dismissal of counterclaims by Estes Express Lines and the intervenor claims, the Motion for Summary Judgment in Favor of the Estate of Cummisky and Storey Wrecker on Defendants' Counter Claim Against Plaintiff and Third-Party Action Against Storey Wrecker (Dkt. No. 120) and the Motion for Summary Judgment in Favor of Storey Wrecker on the Claims of Intervenor/Plaintiffs Cleveland Lease and Navigators Insurance Against Storey Wrecker (Dkt. No. 121) are STRICKEN AS MOOT.

IT IS SO ORDERED this 13th day of January, 2014.

ROBIN J. CAUTHRON
United States District Judge