IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

THE ESTATE OF MICHAEL )
CUMMISKY by MIDFIRST TRUST )
COMPANY, Special Administrator, )
)
                Plaintiff, )
)
vs. ) Case Number CIV-11-42-C
)
ESTES EXPRESS LINES and EDDIE )
NEAL WYATT, )
)
                Defendants, )
)

## MEMORANDUM OPINION AND ORDER

Michael Cummisky was employed by Storey Wrecker Service, Inc. On September 29, 2010, he was in the process of towing a mobile work-over rig. The work-over rig had a flat tire and Mr. Cummisky pulled his wrecker and work-over rig to the shoulder. While Mr. Cummisky was parked there and was out of his vehicle, he was struck and killed. The vehicle that killed Mr. Cummisky was driven by Defendant Wyatt, and owned by Defendant Estes Express Lines ("Defendants"). Mr. Cummisky's estate then brought this action seeking to recover against Defendants for damages incurred by Mr. Cummisky's death. Plaintiff now seeks to prohibit Defendants from offering evidence that Mr. Cummisky: 1) had worked excess hours before the collision; 2) failed to obtain proper permits for the oversized load; and 3) was improperly towing an oversized load at night. Plaintiff also seeks to bar any evidence or argument that Mr. Cummisky's employer: 1) failed to maintain its vehicles; 2)

ordered its employees to work excessive hours; 3) required its employees to transport oversized load at night; and 4) failed to obtain oversize permits. Plaintiff characterizes these issues as "the Rules Allegations" and argues they should not be presented to the jury as they lack relevance, are highly prejudicial and would cause undue confusion and waste judicial resources.

Defendants argue the "Rules Allegations" are relevant because if Mr. Cummisky had followed them he would not have been on the road at night and therefore could not have been struck by Mr. Wyatt. Additionally, Defendants argue that the length of time Mr. Cummisky had been driving is relevant as he may have been fatigued and made an unwise decision about pulling off the road as he did.

At the outset, the Court holds that the questions of whether or not Storey Wrecker, as Mr. Cummisky's employer 1) failed to maintain its vehicles; 2) ordered its employees to work excessive hours; 3) required its employees to transport oversized loads at night; and 4) failed to obtain oversize permits lack any relevance to the issues remaining for trial. On December 20, 2013, Defendants and Storey Wrecker entered into a mutual stipulation of dismissal. Accordingly, the only issues left for trial are questions of Defendant Wyatt's negligence, if any, and Mr. Cummisky's contributory negligence, if any. After that dismissal, any issue related to Storey Wrecker's action or inaction is no longer relevant. Accordingly, to the extent Plaintiff's Motion seeks to exclude evidence or argument related to the action or inaction of Storey Wrecker, the Motion will be granted.

As it relates to the negligence of Defendant Wyatt and/or the contributory negligence of Mr. Cummisky, the applicability of Defendants' proposed evidence and argument hinges on whether the alleged "Rules Allegations" were a cause of the injury to Mr. Cummisky or a mere condition that permitted that injury to occur. Defendants argue that Mr. Cummisky's failure to rest when required and/or failure to obtain proper permits were acts of negligence which should be considered by the jury in apportioning fault for the collision. For Defendants' argument to have merit, then those acts of Mr. Cummisky must have at least contributed to cause the collision. If the injury was not a foreseeable result of Mr. Cummisky's negligence, then that negligence is a mere condition rather than a cause. The Oklahoma Supreme Court set forth the analysis in Tomlinson v. Love's Country Stores, Inc., 1993 OK 83, 854 P.2d 910:

> Proximate cause must be the efficient cause that sets in motion the chain of circumstances leading to an injury; if the negligence complained of merely furnishes a condition by which the injury was made possible and a subsequent independent act caused the injury, the existence of such condition is not the proximate cause of the injury. "Foreseeability is an essential element of proximate cause in Oklahoma, and it is the standard by which proximate cause, as distinguished from the existence of a mere condition, is to be tested." Atherton v. Devine, 602 P.2d 634, 636 (Okla. 1979). The distinction between a cause and a condition is the element of foreseeability. Long v. Ponca City Hospital, 593 P.2d 1081, 1086 (Okla. 1979). A condition also begins with the breach of a duty of care. With a condition, however, the subsequent injury was neither foreseeable nor reasonably anticipated as the probable result of the breach. Long, 593 P.2d at 1086.

Id. at ¶19, 854 P.2d at 915-16 (footnote omitted). Here, the cause of Mr. Cummisky's injury was either his negligence in failing to move the vehicle fully off the roadway or Mr. Wyatt's negligence in striking the vehicle or a combination of both. It simply was not foreseeable

3

that Mr. Cummisky's failure to properly rest and/or obtain proper permits would lead to the collision. Before the collision could happen the additional event of a blowout and then the negligence of Mr. Cummisky or Mr. Wyatt had to occur. The violation of the "Rules Allegations" as alleged by Defendants was at most a condition and so cannot be used as evidence of contributory negligence by Mr. Cummisky. See Thur v. Dunkley, 1970 OK 157, ¶ 16, 474 P.2d 403, 405 ("if the negligence complained of merely furnishes a condition by which the injury was made possible and a subsequent independent act caused the injury, the existence of such condition is not the proximate cause of the injury.").

Because the "Rules Allegations" cannot be used to show negligence by Mr. Cummisky, and Defendants have offered no other reason for offering the evidence, they lack relevance to the issues for resolution by the jury. See Fed. R. Evid. 401. Evidence that has no relevance is inadmissible. See Fed. R. Evid. 402. Therefore, Plaintiff's request to bar Defendants from offering evidence or argument related to the "Rules Allegations" will be granted. Defendants shall not offer any evidence or argument related to the hours Mr. Cummisky drove prior to the collision or his or Storey Wrecker's failure to obtain permits for the load being carried. In the event Defendants believe Plaintiff has opened the door, they may request the Court to reconsider this ruling.

## CONCLUSION

As set forth more fully herein, Plaintiff's Motion in Limine to Exclude the Rules Allegations (Dkt. No. 147) is GRANTED.

IT IS SO ORDERED this 27th day of February, 2014.

_____
ROBIN J. CAUTHRON
United States District Judge